UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FREDERICK G. BACK,
    Plaintiff

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:12-cv-988
Dlott, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

This matter is before the Court on plaintiff's motion for attorney fees under the Social

Security Act, 42 U.S.C. § 406(b)(1) (Doc. 20). The Commissioner has not filed any opposition

to plaintiff's motion.

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney

a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for

work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of*

*H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work

performed before the court, and not before the Social Security Administration). Fees are

awarded from past due benefits withheld from the claimant by the Commissioner and may not

exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792

(2002).

In determining the reasonableness of fees under § 406(b), the starting point is the

contingency fee agreement between the claimant and counsel. *Gisbrecht*, 535 U.S. at 807.

When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of

past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is

reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25

percent boundary, the attorney for the claimant must show that the fee sought is reasonable for

the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under Section 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes,* 923 F.2d at 422.

2

Here, the fee of $12,114.00 requested by plaintiff falls within the 25 percent boundary. Thus, the issue is whether the requested fee is reasonable.[1] *Gisbrecht*, 535 U.S. at 807. Plaintiff asserts the requested fee is reasonable given his attorney's background and experience, the contingency fee agreement, and counsel's success in achieving a favorable result on remand before the Commissioner. (Doc. 20 at 2-4). Plaintiff has submitted a copy of the contingency fee agreement he entered into with counsel under which he agreed to pay counsel a contingency fee of 25 percent of past-due benefits. (*Id*. at 6). Plaintiff has also submitted itemized billing sheets demonstrating that his attorney performed a total of 27 hours of work on the case in the District Court. (*Id*. at 5). Plaintiff therefore requests that the Court award fees in the amount of $12,114.00, which represents counsel's portion of the 25% of plaintiff' past due benefits. (*Id*. at 3-4). Plaintiff asserts that upon counsel's receipt of the § 406(b) fees requested in the instant motion, counsel will remit to plaintiff the $4860.00 in fees previously awarded to counsel under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, *see* Doc. 19; thus, the net fee paid to counsel will total $7254.00. (*Id*.). As stated above, the Commissioner has not filed any opposition to the fee request.

Dividing the requested fee of $12,114.00 by the 27 hours counsel worked on this case before the Court produces a hypothetical hourly fee of $448.67. In determining whether counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 422 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount

---

[1] On remand, an ALJ found plaintiff disabled since June 2010, and the Social Security Administration withheld $18,114.00 for attorney fees – 25% of plaintiff's past due benefits. *See* Doc. 20 at 9. Of this total amount withheld, $6,000.00 was paid to the lawyer who represented plaintiff before the Administration at the hearing level; the instant motion relates to the fee to be awarded to plaintiff's counsel on appeal. *Id*. at 2.

of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
>
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id.*

The *Hayes* "floor" in this case is $18,900.00, which represents 27 hours times an hourly rate of $ 350.00 multiplied by 2.[2] Plaintiff's requested fee of $12,114.00 falls under this amount. Thus, the requested fee does not constitute a windfall to plaintiff's counsel. Moreover, counsel achieved an excellent result in this case. Plaintiff represents that counsel will remit the EAJA fee of $4,860.00 awarded by the District Court to plaintiff upon receipt of the 406(b) award as required under *Jankovich v. Bowen*, 868 F.2d 867, 871 and n.1 (6th Cir. 1989) (recognizing that while a claimant may be awarded fees under both the EAJA and the Social Security Act, "any funds awarded pursuant to the EAJA serve as a reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel" and should be refunded to the client). (Doc. 20 at 3). In view of these considerations, and having reviewed the fee request in light of the remaining criteria set forth in *Gisbrecht* and *Rodriquez*, the Court finds that a fee of $12,114.00 is reasonable for the work plaintiff's counsel performed in this Court. Counsel therefore should be awarded $12,114.00 in fees under § 406(b)(1)(A).

---

[2]Counsel for plaintiff attests that his hourly rate for work done on Social Security cases is $350.00. *See* Doc. 20 at 13.

4

5

The Court therefore **RECOMMENDS** that plaintiff's §406(b) motion for attorney fees (Doc. 20) be **GRANTED** and that counsel be **AWARDED** $12,114.00 in fees.

Date: ___2/25/15___

Karen L. Litkovitz
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

FREDERICK G. BACK,
    Plaintiff

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:12-cv-988
Dlott, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6